1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL EDWARD TILTON,                )     1:07-cv-01795-LJO-TAG HC
                                      )
                Petitioner,           )     ORDER TO SHOW CAUSE WITHIN
                                      )     THIRTY DAYS WHY THE PETITION
        v.                            )     SHOULD NOT BE DISMISSED  FOR
                                      )     VIOLATION OF THE ONE-YEAR
                                      )     STATUTE OF LIMITATIONS
JAMES E. TILTON, et al.,              )
                                      )     (Doc. 1)
                Respondents.          )
_____)

15                          PROCEDURAL HISTORY

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

18   December 11, 2007.  (Doc. 1).   A preliminary review of the Petition, however, reveals that the

19   petition is untimely and should therefore be dismissed.

20                              DISCUSSION

21          A.  Preliminary Review of Petition

22          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

23   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

24   not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

25   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

26   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

27   dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

28   Cir.2001).

1

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).  The instant petition was filed on December 11,  2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

By accessing the California court system's electronic database, the Court has determined that the California Court of Appeal affirmed Petitioner's conviction on October 9, 2003.  Petitioner did not file a petition for review.  According to the California Rules of Court, a decision becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days

of finality.  Rule 24(a), 28(b), Cal.R.Ct.  Thus, Petitioner's direct review would have become final

forty days after October 9, 2003, or on November 18, 2003.  Petitioner would then have had one

year, or until November 18, 2004, within which to file the instant petition.  As mentioned, the

petition was not filed until December 11, 2007, over three years *after* the one-year period expired.

Thus, unless Petitioner is entitled to some form of tolling, the petition is untimely and should be

dismissed.

      C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

      Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In

Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first

state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

(2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,

1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a

petitioner is preparing his petition to file at the next appellate level reinforces the need to present all

claims to the state courts first and will prevent the premature filing of federal petitions out of concern

that the limitation period will end before all claims can be presented to the state supreme court.  Id. at

1005.  However, the limitations period is not tolled for the time such an application is pending in

federal court.  Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001); Fail v. Hubbard, — F.3d —, 2001

WL 1524503 (9th Cir.2001).

      Petitioner alleges that he filed several state habeas petitions in the California Supreme Court

and the Court of Appeal.  By reviewing the state court database, the Court has determined that

Petitioner filed a habeas petition in the Court of Appeal, Fifth Appellate District, on September 14,

---

[1]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

1   2005 that was denied on December 15, 2005.  The Court has also determined that Petitioner filed a

2   petition in the California Supreme Court on September 19, 2006 that was denied on April 11, 2007.

3   Petitioner has not alleged any other state habeas petitions that would entitled him to statutory tolling.

4   However, from the foregoing chronology, it does not appear that the two state habeas

5   petitions would be entitled to tolling since the one-year AEDPA period expired on November 18,

6   2004, well before Petitioner filed his state petition in the Fifth Appellate District on September 14,

7   2005.  A petitioner is not entitled to tolling where the limitations period has *already* run *prior to*

8   filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v.

9   Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Jackson v. Dormire, 180 F.3d 919, 920

10  (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year

11  limitations period).  Accordingly, he cannot avail himself of the statutory tolling provisions of the

12  AEDPA.

13  However, even if, arguendo, he was entitled to tolling for those two petition, the period of

14  time tolled would not make the instant petition timely. The petition in the Fifth Appellate District

15  was pending for ninety-two days between September 14, 2005 and December 15, 2005.  The petition

16  in the California Supreme Court was pending for 204 days between September 19, 2006 and April

17  11, 2007.  The total time for those two tolled periods of 296 days.  However, the petition was filed

18  on December 11, 2007, 1,118 days after the one-year period had expired.  Thus, even if Petitioner

19  were entitled to tolling for those two petitions, the instant petition is still late by 822 days.

20  D.  Equitable Tolling

21  The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a

22  prisoner's control" have made it impossible for the petition to be filed on time.  Calderon v. U.S.

23  Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107

24  F.3d 696, 701 (9th Cir. 1997)); (Beeler), 128 F.3d at 1288 (noting that "[e]quitable tolling will not be

25  available in most cases, as extensions of time will only be granted if 'extraordinary circumstances'

26  beyond a prisoner's control make it impossible to file a petition on time"). "When external forces,

27  rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable

28  ///

4

1   tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107

2   (9th Cir. 1999).

3         Petitioner has not alleged such circumstances that would entitle him to equitable tolling under

4   the AEDPA.  Accordingly, it appears that the petition is untimely and must be dismissed.  However,

5   the Court will permit Petitioner to file a response to this Order to Show Cause in order to present any

6   further information he may possess regarding his entitlement to tolling under the AEDPA.  Any

7   allegations of entitlement to statutory tolling must be accompanied by documentation supporting

8   such allegations, including, preferably, copies of all petitions filed in the state courts, the dates those

9   petitions were pending, and the orders denying those petitions.  Unsupported allegations of fact will

10  not suffice.

### ORDER

12        Accordingly, the Court HEREBY ORDERS:

13  1.   Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service

14        of this Order why the Petition should not be dismissed for violation of the one-year

15        statute of limitations in 28 U.S.C. § 2244(d).

16        Petitioner is forewarned that his failure to comply with this order may result in Findings and

17  Recommendations recommending that the Petition be dismissed.

19  IT IS SO ORDERED.

20  Dated:   **January 18, 2008**                                    _____/s/ Theresa A. Goldner_____
            _____                                                    UNITED STATES MAGISTRATE JUDGE