UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL EDWARD TILTON, | ) | 1:07-cv-01795-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS FOR VIOLATION OF |
| | ) | THE ONE-YEAR STATUTE OF |
| | ) | LIMITATIONS (Doc. 1) |
| JAMES E. TILTON, | ) | |
| | ) | ORDER REQUIRING OBJECTIONS TO BE |
| Respondent. | ) | FILED WITHIN TWENTY DAYS |
| | ) | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on December 11, 2007. (Doc. 1). A preliminary review of the petition revealed that the petition was untimely and should therefore be dismissed. Nevertheless, the Court issued an Order to Show Cause on January 22, 2008, requiring Petitioner to provide any further information regarding the timeliness of his petition. (Doc. 6). On February 22, 2008, Petitioner filed his response. (Docs. 7, 8).

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-1042. In its Order to Show Cause, the Court advised Petitioner of its concern regarding the untimeliness of the petition and afforded Petitioner an opportunity to response to those concerns.

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) overruled on other grounds by Lindh v. Murphy, 521 U.S. 320. The instant petition was filed on December 11, 2007, and is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

By accessing the California court system's electronic database, the Court has determined that the California Court of Appeals, Fifth Appellate District ("5th DCA") affirmed Petitioner's conviction on October 9, 2003, in People v. Tilton, 5th DCA case number F042261, which is also the appellate case number referenced in Petitioner's response to the Order to Show Cause, and that Petitioner did not file a petition for review.[1]  According to the California Rules of Court, a decision becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days of finality.  Rule 24(a), 28(b), Cal.R.Ct.  Thus, Petitioner's direct review would have become final forty days after October 9, 2003, or on November 18, 2003.  Petitioner would then have had one year, or until November 18, 2004, within which to file the instant petition.  As mentioned, the petition was not filed until December 11, 2007, over three years *after* the one-year period expired.  Thus, unless Petitioner is entitled to some form of tolling, the petition is untimely and should be dismissed.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[2]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also Taylor v. Lee, 186 F.3d

---

[1] The Court takes judicial notice that Petitioner's conviction was affirmend by the 5th DCA on October 9, 2003 and that no petition for review was filed in the California Supreme Court, as reflected in the California Courts' electronic database.  Fed. R. Evid. 201(b).

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino v. Galaza 183 F.3d at 1006, n. 2. Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  Id.

3

557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitations period will end before all claims can be presented to the state supreme court. Nino, 183 F. 3d at 1005.

Tolling provisions apply during a "round" of state habeas proceedings when a habeas petitioner is proceeding from a lower court to a higher court in a timely fashion. Evans v. Chavis, 546 U.S. 189, 197-198, 126 S. Ct. 846 (2006); Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134 (2002). A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time *between a lower court decision and filing a new petition in a higher court* as long as those intervals are "reasonable." Carey, 536 U.S. at 222-224. Thus, while "a federal habeas petitioner is entitled to tolling when he is 'invoking one complete round of the State's established appellate review process' in order to exhaust state court remedies," Carey, 526 U.S. at 220 (citation omitted), he is not entitled to tolling during the pendency of a petition that is not filed in a *higher* court than the previously filed petition. See King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

Tolling provisions do not apply when a habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001). Statutory tolling applies only to a "properly filed" state petition. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000)(holding that a properly filed state application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations).

In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition at the same or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level."). There is no tolling for the period between separate sets or "rounds" of state habeas petitions where the petitioner "is not longer pursuing his application for habeas relief up the ladder of the state court system." Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003) (no tolling once California Supreme Court denied review). Nor is a petitioner entitled to continuous tolling when a

4

1  subsequent petition raises unrelated claims.  King, 340 F. 3d at 822.  However, if the state Supreme
2  Court denies a petition for failure to allege with sufficient particularity facts warranting habeas relief
3  and allows amendment to comply, petitioner will be entitled to tolling for the period between denial
4  and commencement of next series of petitions if the subsequent petitions are limited to an
5  elaboration of the facts relating to the claims in the first petition and the second petition is not denied
6  as untimely.  Id.

7       The limitations period is not tolled for the period between finality of the appeal and the filing
8  of an application for post-conviction or other collateral review in state court since no state court
9  application is "pending."  Nino, 183 F.3d at 1006-1007.   Nor is there tolling between finality and
10 the filing of a federal petition.  Id. at 1007.

11      With these parameters in mind, the Court examines Petitioner's state court filings.  Petitioner
12 alleges that he filed several state habeas petitions in the Kern County Superior Court, the 5th DCA,
13 and the California Supreme Court.  In his response to the Court's order to show cause, Petitioner has
14 provided what he characterizes as the entirety of the documents for which he has records.  In the
15 documents lodged with his response to the order to show cause, Petitioner alleges that he filed a state
16 habeas petition in the Kern County Superior Court in case number HC8581A on October 5, 2004,
17 and that the petition was denied on November 1, 2004.  (Doc. 8, Exh. B).  Petitioner filed a second
18 habeas petition in the same court in case number HC9939A on March 29, 2005 and that petition was
19 denied on July 12, 2005.  (Id., Exh. C).  Petitioner further alleges that he filed a habeas petition in the
20 5th DCA on November 11, 2005 in case number F048832, that was denied on December 15, 2005.
21 (Id., Exh. D).  Finally, he alleges that he filed a state habeas petition in the California Supreme Court
22 in case number S146636 on August 30, 2006, that was denied on April 11, 2007.  (Id., Exh. E). [1]
23 Petitioner has not alleged any other state habeas petitions that would entitled him to statutory tolling.

24      From the foregoing chronology, the petition is untimely for many reasons.  Assuming,
25 without deciding, that the first state habeas petition, filed on October 5, 2004, was properly filed for
26 purposes of the AEDPA, the running of the one-year limitation period was tolled on that date at 328

---

[1] The Court takes judicial notice of these facts, as reflected in the California Courts' electronic database.  Fed. R. Evid. 201(b).

5

days, i.e., Petitioner had only 37 days remaining in which to file his petition at the point that first petition was denied and no longer pending. That first state habeas petition was denied on November 1, 2004. The statutory period would have re-commenced the following day, i.e., November 2, 2004, and would have expired 37 days later, on December 9, 2004, unless Petitioner "properly filed" another state habeas proceeding entitled to statutory tolling during that interval. However, Petitioner did not file another state habeas petition that would arguably be entitled to statutory tolling until March 29, 2005, almost four months <u>after</u> the one-year period expired on December 9, 2004.

Petitioner's second habeas petition was also filed in the Kern County Superior Court, not in a higher state court. As mentioned, a petitioner is not entitled to statutory tolling between rounds of habeas proceedings. <u>Biggs</u>, 339 F.3d 1045. Since the second petition was not to a higher court, but to the same superior court, it would not be entitled to tolling. <u>King</u>, 340 F.3d at 823.

Also, a petitioner is not entitled to tolling where the limitations period has *already* run *prior to* filing a state habeas petition. <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); see <u>Webster v. Moore</u>, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Since the one-year period expired between the time of denial of the first petition and Petitioner's filing of the second petition, neither the second, third, or fourth petitions are entitled to tolling.

Finally, the lengthy delays between the filings of several of the state habeas petitions also precludes the application of statutory tolling under the AEDPA. In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending." In <u>Evans v. Chavis</u>, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time. 549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"). However, "'[w]hen a post-

conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807 (2005)); see also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Evans and Pace, this Court must first determine whether the California Supreme Court denied Petitioner's habeas application as untimely. If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2). Bonner, 425 F.3d at 1148-1149. However, even if the California Supreme Court did not deny the habeas petition filed in that court as untimely, this Court has the duty to determine whether Petitioner's requests for state court collateral review were filed within what California would consider a "reasonable time." Evans, 546 U.S. at 198. If they were, then the state petitions were properly filed and the statute of limitations under § 2242(d)(2) was tolled during the pendency of those petitions.

In Evans, the Supreme Court found that a six-month delay was unreasonable. Evans, 546 U.S. at 198. The Supreme Court, recognizing that California did not have strict time deadlines for the filing of a habeas petition at the next appellate level, nevertheless indicated that most states provide for a shorter period of 30 to 60 days within which to timely file a petition at the next appellate level. Evans, 546 U.S. at 201. Following the Supreme Court's suggestion, this Court assumes, arguendo, that a 60 day delay would be near or at the outer limits of what the Supreme Court would consider reasonable.

Here, the delay between the denial of Petitioner's first state petition by the Kern County Superior Court on November 1, 2004, and the filing of the second petition in the same court on March 29, 2005, was 148 days. Moreover, the delay between the denial of Petitioner's habeas petition in the California Court of Appeal on December 15, 2005 and the filing of his next petition in the California Supreme Court on August 30, 2006 was 258 days. Under the implicit guidelines in Evans, which requires the District Court to conduct its own independent inquiry into the timeliness

of state petitions, 546 U.S. at 198,[2] the two lengthy delays were unreasonable and therefore the petitions themselves are not entitled to tolling. Id. at 201; Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97 and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. March 15, 2007)(88 day delay unreasonable).

Hence, under almost any analysis of statutory tolling, the instant petition is untimely. Accordingly, unless Petitioner can establish his entitlement to equitable tolling, the petition must be dismissed for violating the AEDPA's one-year limitation period.

### D.  Equitable Tolling

The limitations period is subject to equitable tolling when "'extraordinary circumstances beyond a prisoner's control make it impossible'" for the petition to be filed on time. Spitsyn v. Moore, 345 F. 3d 796, 799 (9th Cir 2003)(quoting Brambles v. Duncan, 330 F. 3d 1197, 1202 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner bears the burden to establish that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness."

In his response to the order to show cause, Petitioner claims that he is entitled to equitable tolling because (1) he is unskilled and untutored in the law; (2) the "day-to-day circumstances that result from being in prison" made preparation of the petition difficult; (3) his access to the prison and jail law library facilities was limited; (4) he was moved from one prison facility to another on various occasions; (5) he was voluntarily placed in the Administrative Segregation Unit ("ASU"), which further limited his ability to prepare a petition; (6) his requests for additional materials were denied by prison authorities, (7) he had to spend some untolled time preparing for a child custody hearing in Kern County; (8) chronic prison overcrowding resulted in the loss of certain programs,

---

[2] In Evans, the high court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its own inquiry to determine whether the state habeas petition was filed within "a reasonable time." 546 U.S. at 189.

including the law library; and (9) prison authorities removed some of his legal materials following a cell search in December 2006.  (Doc. 7, pp. 3-21).

      None of the circumstances described by Petitioner are sufficient to establish entitlement to equitable tolling.  Petitioner's claims of ignorance of the law and lack of prison law library resources are insufficient to justify equitable tolling.  See e.g. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).  Moreover, prison lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case.  See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal. Nov. 3, 1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

      Petitioner's indigent status and limited legal knowledge, as well as his status as an incarcerated individual and the problems attendant thereon, are not circumstances that distinguish him from the great majority of prisoners attempting to file petitions for writ of habeas corpus in this Court.  To the contrary, such circumstances are not in any way extraordinary and do not justify equitable tolling.  If limited resources, lack of legal knowledge, and the difficulties and restrictions of prison life, including prison overcrowding, cell searches, prisoner transfers, program cancellations, etc., were a valid excuse for not complying with the limitations period, the enactment of the AEDPA's limitations period would be futile, since virtually all incarcerated prisoners suffer from these same obstacles and share these same problems.  Equitable tolling would become the

exception that swallowed the rule. While undoubtedly these circumstances make it more difficult for a prisoner to file a timely petition and thus require a correspondingly greater effort by the prisoner to file a timely petition, the evidence presented by Petitioner does not establish that these circumstances, either alone or collectively, were either extraordinary and beyond his control or were the "but for" cause of the petition's late filing. Allen, 255 F.3d at 801.

Moreover, Petitioner's lack of access to the law library due to his being placed in the Administrative Segregation Unit ("ASU") appears to be a direct result of Petitioner's own voluntary request based upon his own security concerns. Under such circumstances, Petitioner can hardly contend that placement in ASU and any consequential restricted access to the law library, was the result of extraordinary circumstances beyond his control. Similarly, that Petitioner wanted to prepare for a civil child custody hearing and took time away from preparing the habeas petition in order to accomplish this task is a decision that was well within Petitioner's own control. The Court does not wish to trivialize Petitioner's need to address his child custody concerns, but merely to emphasize that this was his own decision, not the result of some "extraordinary" outside force beyond his control.

Accordingly, there is no basis for equitable tolling of the one-year limitations period.

E. Constitutionality of the AEDPA

Finally, Petitioner asserts that the AEDPA is an unconstitutional violation of the Suspension Clause and the Petition Clause of the United States Constitution because its statute of limitations provision, by limiting prospective petitioners ability to pursue habeas relief, unconstitutionally restricts the long-standing availability of habeas corpus to prisoners. (Doc. 7, p. 35; 38; 53). This contention is completely without merit.

The Ninth Circuit has held that the AEDPA one-year statute of limitations does not on its face violate the Suspension Clause. Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007); see Green v. White, 223 F.3d at 1003-1004 (stating that the year-long period "begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, but requires inmates to diligently pursue claims."). This view is consistent with that of other federal courts. E.g. Tinker v. Moore, 255 F.3d 1331 (11th Cir. 2001)(no facial violation of Suspension

Clause); Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)(same); Cortorreal v. Artuz, 281 F.Supp.2d 524 (E.D.N.Y. 2003)..

Even as applied to the facts in this case, the one-year statute of limitations does not violate the Suspension Clause because, for the reasons discussed above, Petitioner has demonstrated neither the requisite diligence nor extraordinary circumstances beyond his control which made it impossible for him to file his petition on time.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for violation of the AEDPA's one-year limitation period.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 30, 2008**                                      **/s/ Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE